IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JAMES TELFER

        Petitioner,

v.                                                     Civil Action No. 5:14cv60
                                                       (Judge Stamp)

WARDEN RUSSEL PERDUE,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 13, 2014, the *pro se* petitioner, James Telfer ("Telfer") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On May 27, 2014, he paid the $5.00 filing fee in lieu of submitting an application to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

In his petition, Telfer raises two allegations in his petition. First, he alleges that that he is being subjected to cruel and unusual punishment because prison officials are disregarding his severe medical conditions. Second, the petitioner complains about the nature in which his complaints and letters have been handled by the prison staff. Telfer asserts that he is a fifty-two year old male who is a "level II medical inmate that suffers from a plethora of life-threatening health conditions," among which are vascular disease, chronic-pain, and "uncontrollable diabetes." (Doc. No. 1, p. 5, 10). Telfer claims that in April while in a Special Housing Unit, he received medical examination and is suffering from a broken tooth that is infected, and that there

were ongoing medical conditions throughout his body. (*Id.* at p. 13, 14). The petitioner further indicates that the behavior of prison officials have made his health worse, and he fears that the continued behavior by these officials will cause his condition to deteriorate such that his death may occur. (*Id.* at 11). In February, and subsequent months afterwards, Telfer had filed several formal complaint letters for himself and another inmate, Sigmund Prescott. The complaints were in regards to the nature that prison officials treated the two prisoners, and Telfer suspects that his filed complaints had been stalled, lost, delayed, or outright denied. (*Id.* at p. 7).

### III.　ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. *See* 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains about the conditions of his confinement. Specifically, his claims relate to alleged indifference to his medical condition and to his previously filed complaints. This claim is not an attack on, nor is it related in any way to, the execution of the petitioner's sentence. Thus, it is clear that the petitioner's claims regarding the conditions of his confinement should have been raised pursuant to a civil rights complaint. *Preiser* at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DENIED and DISMISSED** without prejudice to his right to file his claims as a civil rights action. In addition, the undersigned recommends that the petitioner's Motions to Expedite (Doc. Nos. 6 &7) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985) *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 6/16/14

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE